[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The issue in this tax appeal is whether the services provided by Sanitary Maintenance Services, Inc. (Sanitary) to Bayer Corporation (Bayer) are managerial services within the meaning of General Statutes § 12-407 (8) and (9).[1]
Bayer is an Indiana corporation which maintains a large manufacturing and research facility in West Haven, Connecticut. Bayer produces pharmaceutical products at this West Haven facility for sale throughout the world. In the production of pharmaceuticals, it is critical that the facility where the production occurs be maintained as clean and bacteria-free as possible. Sanitary provides cleaning services to Bayer's facility in West Haven.
It is necessary for the resolution of the issue in this case to determine just what the services are that are provided by Sanitary to Bayer.[2] General Statutes § 12-408 imposes a sales tax on sales as defined in subsection (2) of General Statutes § 12-407.[3] If the services are maintenance or janitorial, then the services provided are subject to a sales tax. See General Statutes (Rev. to 1997) § 12-407 (2)(i)(Y) and (Z).[4] If the services are managerial, certain expenses of Sanitary related to fringe benefits, workers' compensation and payroll taxes are excluded from the sales tax. See General Statutes § 12-407 (8) and (9).
The written contract between Sanitary and Bayer defines the services to be provided as "those services set forth in the cleaning manuals and schedules designed by Sanitary to conform with both Miles, Inc. standards as well as good manufacturing CT Page 8217 practices as set forth by the Food and Drug Administration. . . ." (Exhibit to Joint Stipulation of Facts dated January 13, 1997.) Appendix A to the contract defines the contract work as follows:
 BASE CONTRACT WORK — Labor, materials, supervision, etc. furnished to perform janitorial cleaning services in accordance with job specifications which are performed Monday through Friday, holidays excepted, from 7:30 a.m. to 11:00 p.m.
 SUPPLEMENTARY WORK — Labor, materials, supervision, etc., furnished to perform janitorial cleaning services or other services which arise by special request of Miles management. By way of example, weekend work necessitated by a product changeover or production falls into the category of Supplementary Work.
The manuals referred to in the contract specify the areas to be cleaned, the specific cleaning services to be performed and the frequency of cleaning. For the most part, the cleaning services consist of general office cleaning, trash removal, vacuuming, dusting and floor mopping. Certain areas require more intensive cleaning, such as hosing and cleaning with a sanitizing solution. The emphasis of this contract is on cleaning, not sanitizing. The use of sanitizing methods does not change a janitorial service into a management service for the sanitization of Bayer's property for the production of pharmaceuticals.
The director of engineering for Bayer, Rudy Zimmerman, is responsible for the overall maintenance of the physical assets of the property at West Haven. The West Haven facility has 120 acres of land, a manufacturing building, laboratory building, warehouse and distribution building, research building with a cafeteria, and an administration building. Approximately 2000 people work at the West Haven facility. Each room of the West Haven facility that requires cleaning and sanitizing, must be inspected and documented for audits by the Federal Drug Agency (FDA), which checks on Bayer's compliance with FDA standards. Bayer publishes housekeeping manuals to set standards for keeping the manufacturing facilities in a sterile condition. Sanitization of the manufacturing facilities is critical to the manufacture of pills, ointments and other pharmaceutical products. Rather than undertake the responsibility of maintaining all of the facilities in a clean and sanitized condition, Bayer entered into a contact CT Page 8218 with Sanitary to do the sanitizing and cleaning of Bayer's West Haven facility. Sanitary maintains approximately 120 people at Bayer's West Haven facility to provide continuous and around the clock coverage. Sanitary has the responsibility for the overall cleaning operation at Bayer. Sanitary is not responsible for snow removal, landscaping, and road maintenance.
In fulfilling its contract with Bayer, Sanitary placed Delores Francis, a full time on-site manager, at Bayer. It is her responsibility to manage, direct and supervise all of the cleaning activities for the entire West Haven facility. Francis has been stationed at Bayer, full time, for eleven years. Francis also has an assistant manager, supervisors for all shifts, an auditor and a full time training manager at her command. Not only does Francis manage and supervise all of Sanitary's staff at the West Haven facility, but she also works closely with Zimmerman and other Bayer supervisors to coordinate scheduling and other activities in the Bayer production process. Sections 12-407
(8) and (9) define two types of sales: 1) taxable services performed without deduction for the payment of employee benefits; and 2) those taxable services that can exclude payments for employee benefits. General Statutes §§ 12-407 (8)(e); 12-407 (9)(e); see General Statutes § 12-407 (2)(i)(I). Janitorial and maintenance services are services performed without a deduction. The separately stated employee benefits paid to or on behalf of employees of a provider of services related to the management of property or business premises, on the other hand, are excluded from taxation. General Statutes §§ 12-407
(8)(e); 12-407 (9)(e); see General Statutes § 12-407 (8) (i)(I).
Although Sanitary claims that it manages the property or business premises of Bayer, it in fact provides solely janitorial services. The only management involved in Sanitary's janitorial service to Bayer is the management of Sanitary's own staff of employees stationed full time at Bayer's facility.
The plaintiffs construe management services, as used in §12-407, to mean performing essential services for another on the other party's premises. The commissioner construes management services under § 12-407 to mean management of the total premises of a party and not the individual services that may make up the total services to be performed in managing the premises.
Our Supreme Court has defined the term "management" "as the CT Page 8219 conducting or supervising of something (as a business); esp. the executive function of planning, organizing, coordinating, directing, controlling, and supervising any industrial or business project or activity with responsibility for results." (Internal quotation marks omitted.) Air Kaman, Inc. v. Groppo,221 Conn. 751, 757, 607 A.2d 410, citing Webster's Third New International Dictionary.[5]
 Our fundamental objective when construing a statute is to ascertain and give effect to the apparent intent of the legislature. . . . In seeking to discern that intent, we look to the words of the statute itself, to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter. . . . When construing statutes, we will avoid constructions that lead to absurd, unworkable or bizarre results.
(Citations omitted; internal quotation marks omitted.) State v.Solek, 242 Conn. 409, 420-21, 699 A.2d 931 (1997); see Hall v.Gilbert Bennett Mfg. Co., 241 Conn. 282, 295, 695 A.2d 1051
(1997).
Looking to the words of the statute, we see that § 12-407
(2) defines what a sale means and includes over twenty-one incidents of taxation which deal with specific categories of transfers of tangible personal property and business and commercial services. "As presently drafted, the sales and use tax purports to tax only certain specifically enumerated services rather than commercial services generally." (Citation omitted.)Hartford Parkview Assoc. Ltd. v. Groppo, supra, 211 Conn. 252. Pursuant to statute, the legislature specifically provided for the exclusion of certain employee benefits to management services and not to janitorial or maintenance services. General Statutes § 12-407 (2)(i)(Y) and (Z); § 12-407 (8) and (9).
Bayer contracted with Sanitary for janitorial services. The janitorial services that Sanitary agreed to perform for Bayer encompassed not only the standard maintenance or cleaning of the buildings, but also the sanitizing of Bayer's facilities at West Haven. Bayer did not engage Sanitary to perform management services but rather janitorial services in its broadest scope. The management services provided by Sanitary was for its own CT Page 8220 convenience in providing the janitorial services to Bayer. As the court stated in Pringle v. Washington, 464 P.2d 425, 427 (Wash. 1970), "[t]he method used does not change the nature of that function. To clean is to clean [regardless of how it is done]."
Accordingly, we find that the services provided by Sanitary to Bayer were janitorial services, not managerial services. The plaintiffs' appeal is dismissed without costs to either party.
ARONSON, J.